### GREEN CAB CO. v. BARR.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8239. Decided Oct. 24, 1927.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

683. JURY—465. Error Proceedings — 771. Misconduct.

In order to raise question, it must be made to appear in record that objectionable question upon which charge of misconduct of counsel is based, was asked in presence of jurors, who actually were chosen to try the case, and that those jurors remained on panel.

658. INTERROGATORIES.

Not error for trial court to refuse to submit interrogatories presented in writing for jury to answer, when such interrogatories do not contain conditions that questions shall be answered in case general verdict is returned.

Error to Common Pleas.

Judgment affirmed.

McConnell, Blackmore & Cory, Cleveland, for Cab Co.

Winch, Lurie, Addams & Burke, Cleveland, for Barr.

STATEMENT OF FACTS.

Defendant in error recovered a judgment in the sum of Seven Thousand Five Hundred Dollars, in the Common Pleas Court, on a petition alleging personal injuries resulting from the negligence of plaintiff in error.

LEVINE, J.

Various grounds of error are set forth and we shall consider them in their order.

First: That the trial court erred in overruling defendant's motion to withdraw a juror and dismiss the panel, on the ground of misconduct of plaintiff's attorney.

In support of this assignment plaintiff in error makes reference to the record wherein it appears that defendant in error's counsel, who was plaintiff in the trial court, during the voir dire examination of the jury, in the presence of the entire panel, made the following statement:

"Are any of you acquainted with any of the Adjustors for the Continental Casualty Company? Mr. Waite of the Continental Casuality Company?"

Counsel at the same time pointed to Mr. L. M. Waite, who sat in back of defendant's counsel at the trial table. Whereupon counsel for plaintiff in error asked the court to withdraw a juror, to dismiss the panel and to continue the case for the term. The motion was overruled by the trial court, but the jury was instructed to disregard the statement. An exception was duly taken.

Regardless of the state of the law on the

subject, we find on an examination of the record that it is nowhere disclosed therein that the prospective jurors, in whose presence the objectionable question was asked, actually remained on the panel and were sworn in as jurors of the case. We hold that, in order to raise the question it must be made to appear in the record that the objectionable question, upon which the charge of misconduct of counsel for defendant in error was based, was asked in the presence of the jurors who actually were chosen to try the case, and that those jurors remained on the panel. It often happens during the course of an examination of prospective jurors that some are excused for cause, others by the route of peremptory challenge, so that the personnel of the jury actually chosen is entirely different from those who were first called into the jury box for examination.

This is a reviewing court and the court is limited in its review to errors appearing of record. The silence of the record on this point excludes the consideration of the alleged error, for it follows that those who have not heard the objectionable question could not have been prejudiced thereby.

Second: The trial court erred in refusing to submit the interrogatory presented in writing for the jury to answer.

The interrogatory submitted by the Green Cab Company, and which was refused, was as follows:

"Did the plaintiff at any time look south on Crawford Road before crossing the said Crawford Road and up to the instant he was struck?"

Numerous authorities are cited by counsel for defendant in error that the right to have findings upon particular questions of fact as conferred by Section 11463, is mandatory only where the request contains the condition that the questions shall be answered in case a general verdict is returned. The leading case in Ohio on the subject under discussion is the case of Gale v. Priddy, 66 OS. page 400.

An examination of the interrogatory discloses that this condition imposed by the statute under the decisions was wanting in the interrogatory presented by plaintiff in error. It follows, therefore, that the trial court was correct in refusing the interrogatory, the same not having been submitted in accordance with the provisions of the General Code above cited.

Upon the considerations above set forth we find no prejudicial error in the record and the judgment of the Common Pleas Court will, therefore, be affirmed.

Sullivan, PJ., and Vickery, J., concur.